Louis J. Capozzoli, J.
The defendant, in his moving papers, states that he is without funds and asks for an order directing the delivery to him of the stenographic transcript of the minutes of his trial, held in November, 1953, which resulted in his conviction of the crimes of burglary in the third degree, grand larceny in the first degree, assault in the second degree, with intent to rape, and criminally carrying a dangerous weapon after prior conviction. In support of his application the defendant cites the case of Griffin v. Illinois (351 U. S. 12).
The court has carefully considered the decision of the United States Supreme Court, above mentioned. At page 16 of the opinion the court said as follows: “We must therefore assume *35 for purposes of this decision that errors were committed in the trial which would merit reversal, but that the petitioners could not get appellate review of those errors solely because they were too poor to buy a stenographic transcript.” Again, at page 20 of the court’s opinion, there is the following: “We do not hold, however, that Illinois must purchase a stenographer’s transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants.”
In the case at bar the conviction of this defendant took place on November 24,1953 and he was sentenced on January 14,1954. Thereafter, and on the 13th day of February, 1954, the defendant appealed in person to the Appellate Division for a review of the proceedings resulting in his conviction. On the same day counsel, on behalf of the defendant, filed another notice of appeal to the Appellate Division. On November 18, 1954, on motion of the District Attorney of New York County, the Appellate Division granted an order dismissing the appeal of the defendant (284 App. Div. 952). The defendant waited until June 29, 1956 to make this motion for a copy of the minutes.
This court does not understand the Griffin decision (supra) to mean that an indigent defendant must be given a transcript of the minutes any time he asks for them. For what purpose does he want them? What legal remedy does he desire to enforce? Certainly he should not be given the minutes merely because it might make interesting reading for him.
The procedure in the State of New York is not like the procedure in Illinois, which was considered by the United States Supreme Court in the Griffin case (supra). In our State there is provision made for an appeal by an indigent defendant as a poor person to the appellate courts. The defendant did appeal, but the appeal was dismissed.
However, if this defendant should in some way be able to reopen his appeal, or if there is any particular procedure which he wishes to follow, and in which the minutes are necessary, this court will be glad to consider this matter anew.
Motion denied.
The District Attorney is directed to enter an order in conformance with the decision herein rendered and to forward a certified copy of said order to the defendant.