Milton A. Wiltse, J.
The aforesaid defendant-petitioner, has made a motion for delivering to him, through the correspondence department at Attica State Prison, of a transcript of testimony filed upon a recent conviction, before a jurj, wherein the said defendant was found guilty of burglary in the third degree and petit larceny. The said defendant was thereafter sentenced to his present term of imprisonment as a second offender. It might be mentioned that his prior felony conviction, together with this conviction, involved a charge of burglary and petit larceny "concerning St. Patrick’s Roman Catholic Church in the city of Watertown, New York.
His present application, as aforesaid, relates to furnishing a copy of the transcript of the testimony produced upon the trial, without charge to him, as well as a production of certain other papers.
This application is accompanied by an affidavit of the defendant that he has no funds with which to procure a copy of the transcript of the testimony and other proceedings upon the trial, held on January 7, 1958, and that, therefore, he should be furnished same, without cost. He appears as his own attorney in this application and does not ask for assignment of counsel. In fact, by letter, he has stated to this court that he wishes to appear as his own attorney.
The defendant is apparently a person who has examined the law and who has examined recent cases to a much further degree than have a lot of us. He cites in furtherance of his application, a decision rendered by the Court of Appeals of this State on January 16, 1958, entitled People v. Pride (3 N Y 2d 545).
That particular case discusses certain matters similar to the application in detail, and cites the decision of the Supreme Court of the United States which is entitled Griffin v. Illinois (351 U. S. 12) as well as other cases.
All of the above have been carefully examined, together with a decision of the Court of Appeals entitled People v. Kalan (2 N Y 2d 278), together with a decision of the Court of General Sessions in New York County, entitled People v. Lumpkin (6 Misc 2d 34).
A review of all of those cases, unless this court is in error in construing same, appears to lead to the conclusion that a review of a defendant’s constitutional rights upon an appeal should afford to him the opportunity for everything necessary to institute his appeal; and that to further perfect his appeal, the court should implement anything necessary for the accomplish *408 ment of same. For instance, the United States Supreme Court held in the case above-mentioned, Griffin v. Illinois (351 U. S. 12, 21): “ ‘ The right of appeal may be accorded by the State to the accused upon such terms as in its wisdom may be deemed proper ’ ”, and may further, at page 16 of that decision: “ Providing equal justice for poor and rich, weak and powerful alike is an age-old problem. People have never ceased to hope and strive to move closer to that goal. ’ ’; but further states, at page 19 of that opinion: " Dowd v. United States ex rel. Cook, 340 U. S., at 209-210. We do not hold, however, that Illinois must purchase a stenographer’s transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants.”
The other cases above cited appear to consider a situation in which there is no record of any nature available, by reason of failure to file a return or transcript. The case immediately above mentioned is along the same lines.
Here, we have a situation where an appeal has been timely filed by the defendant, acting as his own attorney, and without any request for assignment of counsel; where the records upon his arraignment, trial and sentencing upon the judgment of conviction and a transcript of the testimony has been fully filed in the office of the County Clerk of Jefferson County.
The question, therefore, appears to be this: where those records are filed and are available for inspection by the defendant, or anyone authorized by him so to do, whether it be retained or assigned counsel, or anyone else, should he be entitled to furnishing of the court reporter’s transcript of proceedings ‘ upon the trial, at no cost to him, even though it is considered that he is an indigent person.
We believe that the answer to that question is in the negative. Had the records and transcript of the testimony never been filed, the answer would have been in the affirmative. It is appreciated that a person presently incarcerated may not freely visit a County Clerk’s office. This court by no means attempts to assume any prerogative, but is attempting to follow the reasoning in Griffin v. Illinois (supra).
From a study of that decision and all of the other decisions mentioned, the particular question that is presented by the facts of this case has not been determined. From the reasoning in the Griffin case aforesaid, however, it is felt that adequate provisions to protect all of the constitutional rights of the defendant may be hereby made.
*409 Therefore, the decision of this court is that the application of the defendant as it presently stands is denied, but upon his application to the proper court, he is at liberty to apply for assignment of counsel, who may examine and furnish to him copies of such records as he believes necessary for the prosecution of his appeal. The defendant is not prejudiced in any way by this decision because on his own motion papers, he has instituted an appeal within the statutory period. This ruling, however, does not preclude the defendant from receiving, without charge, certified copies of any records pertaining to this matter, except copies of the stenographic record of testimony; and ample provision for his examination of such stenographic transcript has herein been made.
It is appreciated that the foregoing may not be the correct reasoning, within the view of an appellate court, but it is believed that the interests of the defendant are herein protected and follow the decisions and reasoning contained in the aforementioned cases, insofar as this court is able to determine.
An order may be entered in accordance with the above.